José Leandro Montalvo Guenard, demandante y apelado, *v.* Juan y José María Franceschi, Angel y Blanca Massari y Domingo, Salvador y Estrella Margarita Leandri y Agostini, demandados y apelantes.

No. 6437.—*Sometido:* Marzo 15, 1934. *Resuelto:* Marzo 27, 1935.

*Henry G. Molina* y *M. León Parra,* abogados de los apelantes; *Gustavo Rodríguez Acevedo* y *R. Hernández Matos,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La cuestión más seria envuelta en este recurso es si una acción entablada por un médico en cobro de honorarios no ha prescrito con motivo de ciertas interrupciones habidas, de conformidad con el artículo 1874 del Código Civil, Edición de 1902. Este artículo dispone:

"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

Los supuestos servicios fueron prestados en 1925 y terminaron el 4 de julio del mismo año. El demandante declaró tendiente a demostrar que en 1926 presentó una reclamación por la suma de $1,500 al administrador judicial de la sucesión Franceschi; que dicho administrador entregó al demandante un cheque por $300 en abril 30, 1926, que éste no hizo efectivo durante un año. Más tarde el demandante reclamó a la sucesión Franceschi la suma de $1,000 como saldo. El pleito fué iniciado en 1930 y no se suscitó cuestión alguna sobre las interrupciones posteriores. Los apelantes sostienen que no hubo interrupción en 1926 y que para la fecha en que se escribió una carta al administrador en 1928 ya la acción había prescrito.

Los apelantes ciertamente dicen que el pago de $300 en 1926 no fué de por sí una interrupción. Sin embargo, dado el hecho de que el Dr. Montalvo Guenard, de acuerdo con su testimonio, había presentado una reclamación por la suma de $1,500, el pago fué una corroboración. La presentación de la cuenta en 1926 subsistía de por sí y fué suficiente interrupción extrajudicial. Hemos tenido alguna dificultad sobre este punto debido a la insistencia de la parte apelada en la interrupción con motivo del cheque y por otras razones.

■■ El segundo señalamiento de error lee así:

"La Corte *a quo* incurrió en error por causa de prejuicio y pasión a favor de la persona del demandante, que influyó en el ánimo de aquella de manera a impedir el apreciar con imparcialidad la prueba practicada por ambas partes en el momento de la vista oral y pública del caso."

Hubo amplia prueba pericial respecto al valor de los supuestos servicios prestados. El punto principal suscitado por los apelantes es que los servicios no fueron prestados hasta el límite alegado; que la Corte de Distrito de Ponce fué influída indebidamente por el testimonio del Dr. Montalvo Guenard y que ésta dió demasiado énfasis a su posición social; que él actuaba en sustitución del médico de la familia, quien declaró para contradecirle. El juez dijo que se incli-

naba a dar crédito a ambos médicos, pero que el médico de la familia se hallaba ausente y no se refería al período cubierto por el Dr. Montalvo Guenard. El juez dijo que estaba dispuesto a creer a este último, especialmente cuando su declaración había sido fortalecida por el libro particular de anotaciones hechas en la época en que se prestaron los supuestos servicios.

No estamos convencidos de que la posición económica de la parte demandada no pueda ser considerada al calcular los honorarios, según hemos sugerido en otros casos. El juez dice que al prestarse servicios médicos a los clientes más acomodados los honorarios deben considerarse normales y que son rebajados cuando se trata de clientes menos pudientes. Sea ello como fuere, dado el testimonio de los peritos, no hallamos que se cometiera error.

No estamos convencidos en manera alguna de que hubiera pasión o prejuicio por parte del juez sentenciador. A lo sumo hubo un conflicto de prueba y si la corte hubiese resuelto el caso en favor de los demandados, en apelación probablemente no habríamos alterado el resultado.

Después de la vista ante este tribunal el apelado halló, según él, que parte del testimonio del Sr. Arcílagos, el administrador judicial, no fué suficientemente incluído en la exposición del caso y solicitó que se abriera el caso de nuevo y se remitiera a la corte inferior. Toda vez que la sentencia será confirmada sin considerar la corrección de los autos, es innecesario prestar mucha atención a esta moción. Los apelantes están en lo cierto al insistir en que debe tratarse de un caso extraordinario para que éste se abra de nuevo en tal forma. En los autos existe la indicación de que los apelantes no insistieron mucho en la cuestión de prescripción en la corte inferior, sino que defendieron su caso más bien sobre los méritos de la reclamación y podría concebirse que éste tal vez hubiera podido ser un caso extraordinario.

No hallamos razón suficiente para intervenir con la discreción de la corte inferior al conceder las costas. Los hono-

316

rarios no deben ser fuertes bajo ningunas circunstancias. El Juez Aldrey no está conforme con este párrafo, de acuerdo con el criterio que ha expresado en otras opiniones con respecto a tasación de costas.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Aldrey está conforme con el resultado.